UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CROSS,<br><br>                                       Plaintiff,<br><br>v.<br><br>HFLP - DOLPHIN BEACH, LLC,<br><br>                                       Defendant. | Case No.:  15CV2506-MMA (DHB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 7] |

Defendant HFLP – Dolphin Beach, LLC ("Dolphin Beach") moves to dismiss Plaintiff Diane Cross's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. No. 7.] The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND[1]

On October 9, 2015, Plaintiff commenced this action in the Superior Court for the State of California, County of San Diego, case number 37-2015-00034063-CU-CR-CTL, against Defendant Dolphin Beach. On November 5, 2015, Defendant removed the case to this Court. On November 20, 2015, Defendant filed a motion to dismiss pursuant to

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

Federal Rule of Civil Procedure 12(b)(1), alleging the Court lacked subject matter jurisdiction over the action. [Doc. No. 2.] On December 2, 2015, Plaintiff filed the First Amended Complaint ("FAC"),[2] which superseded the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff's FAC alleges claims for violations of the Fair Housing Act and the Fair Housing Amendments Act (collectively, "the FHA"), 42 U.S.C. §§ 3600 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12182(a) *et seq.*; and California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.* Defendant now moves to dismiss Plaintiff's FAC pursuant to Rules 12(b)(1) and 12(b)(6).

Defendant owns, operates, and/or leases a business known as Dolphin Beach Apartments, located at 662 Tamarack Avenue in Carlsbad, California. Plaintiff suffers physical impairments that render her unable to walk and require her to use a wheelchair. Plaintiff also has impaired vision and has a companion animal. In September 2015, Plaintiff went to Dolphin Beach Apartments "to utilize their goods and/or services." [FAC ¶ 10.] Upon arriving, Plaintiff "was denied equal access to and had difficulty using the public accommodations' facilities since Defendants' [sic] facilities failed to comply with" the ADA and California's building code. *Id.* Plaintiff alleges Defendant has a rental office at the location of the apartments. Plaintiff alleges Defendant does not have "the required compliant Van Accessible disabled parking space or regular disabled parking space" or the requisite signage for such parking spaces, which caused Plaintiff to have a difficult time parking because she risked being precluded from exiting or reentering her vehicle if someone else parked improperly. [FAC ¶ 11.] Further, "there was a high step at entrance threshold to the rental office, round knob on office entrance door and an office entrance doorway that was too narrow to be accessible." *Id.* "Finally, the path of travel to all of the units had a high threshold." *Id.*

---

[2] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Plaintiff filed her amended pleading within 21 days of service of Defendant's motion to dismiss.

Plaintiff alleges she "intends to return to Defendants' [sic] public accommodation facilities in the immediate future," but "is presently deterred from returning due to her knowledge of the barriers." [FAC ¶ 14.] Plaintiff states that she "travels frequently and extensively throughout California to visit her family and friends" and "has a close connection with most locations within California," including the subject property. *Id.* She resides near the subject property and frequently travels "in the immediate area." *Id.*

Further, Plaintiff states Defendant has "made, printed, or published or caused to be made, printed or published [. . .] notices, statements and advertising suggest[ing] a preference to attract tenants without disabilities and their associations." [FAC ¶ 49.] Plaintiff states that based on an "in person inquiry, the Apartments have no [FHA Disability Amenities]." *Id.* Further, Defendant's website does not list "FHA Disability Amenities."

## LEGAL STANDARD

### A. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "If the challenge to jurisdiction is a facial attack . . . the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012) (internal citation and quotation omitted). "Lack of standing is a defect in subject-matter jurisdiction and may be properly challenged under Rule 12(b)(1)." *Wright v. Incline Village Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1199 (D. Nev. 2009) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

//

**B.     Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Where dismissal is appropriate, a

court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

### A.  Plaintiff's ADA Claims

Defendant moves to dismiss Plaintiff's ADA claims based on lack of standing. "The ADA was enacted to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (internal quotations omitted) (citing 42 U.S.C. § 12101(b)(2)).  The ADA proscribes discrimination that impedes disabled individuals from enjoying "full and equal enjoyment" of public accommodations.  *Id.* at 945; 42 U.S.C. § 12182(a).  A plaintiff alleging a violation of the ADA must demonstrate that they have Article III standing by alleging a case or controversy.  A plaintiff must show they have suffered "an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Id.* at 946 (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).  Further, because injunctive relief is the only remedy available to private plaintiffs alleging ADA violations, plaintiffs must also demonstrate a "real and immediate threat of repeated injury."  *Id.*  The requirement that an ADA plaintiff show a sufficient likelihood of future harm to establish standing "ensure[s] that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties." *Id.* at 948.

Defendant does not attack the redressability or causation requirements of standing. Rather, Defendant argues Plaintiff has not demonstrated injury-in-fact or a threat of repeated injury.  Defendant argues Plaintiff was not injured by the lack of an ADA compliant parking space because she merely states that she risked being unable to enter or exit her car, not that she was actually precluded from entering or exiting.  To show injury-in-fact, an ADA plaintiff need only show the existence of a barrier that interferes with the plaintiff's full and equal enjoyment of the facilities due to the plaintiff's

particular disability. *Chapman*, 631 F.3d at 947. Plaintiff has sufficiently alleged injury-in-fact. Plaintiff states that she encountered a parking lot lacking the requisite ADA compliant parking space and corresponding signage which affected her ability to fully enjoy the facilities because she ran the risk of being unable to exit or reenter her vehicle. Further, Plaintiff states that the doorway to the rental office was too narrow for her to access. Accordingly, Plaintiff sufficiently alleges that she encountered at least one barrier that interfered with her equal access to Defendant's rental office. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) ("An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability.").

"Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The Ninth Circuit has held there are two ways in which a plaintiff can satisfy this requirement. *Id.* at 949. A plaintiff "can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* at 950. Or, a plaintiff can show that the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.*

Here, Plaintiff alleges the following:

> Plaintiff CROSS intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff CROSS is presently deterred from returning due to her knowledge of the barriers to equal access that exist at Defendants' facilities that relate to her disabilities. [. . .] CROSS travels frequently and extensively throughout California to visit her family and friends. Mr. CROSS [sic] has

> a close connection with most locations within California and she can demonstrate it with respect to the subject property. Plaintiff CROSS has particularized plans to return to Defendants [sic] facilities and property. Plaintiff CROSS travels frequently in the immediate area of Defendant's facilities and would return if the facilities were accessible. She currently resides close to Defendant's facilities. Plaintiff Cross frequently patronizes businesses and locations in the immediate vicinity of Defendant's facilities.

[FAC ¶ 14.]

In cases where courts have found plaintiffs allege standing to pursue injunctive relief in ADA cases, the plaintiffs provided specific facts regarding their relationships with the subject public facilities. For example, in *Fortyune v. American Multi-Cinema, Inc.*, the wheelchair-bound plaintiff required there be an available "companion seat" for his wife to sit next to him at movie theaters. 364 F.3d 1075, 1078–79 (9th Cir. 2004). The subject theater had a policy of refusing to move nondisabled patrons from the seats adjacent to the wheelchair-friendly areas at sold-out shows. *Id.* Thus, on one occasion, the plaintiff was unable to attend a movie. *Id.* The plaintiff demonstrated that he attended three or four movies per week at that theater and that the theater's discriminatory policy was ongoing. *Id.* Thus, the Ninth Circuit concluded that he established a "real and immediate threat that the injury will be repeated" because he alleged a plausible intent to return. *Id.* at 1081 (internal quotations omitted); *see also Chapman*, 631 F.3d at 948 (discussing *Fortyune*).

Further, in *Doran v. 7-Eleven, Inc.*, the plaintiff stated he had visited a 7-Eleven store in Anaheim, California ten to twenty times, in part because of its convenient location next to his favorite fast food restaurant. 524 F.3d 1034, 1040–41 (9th Cir. 2008). He also alleged that he visits Anaheim annually to go to Disneyland. *Id.* He stated that he was deterred on at least four occasions from visiting the 7-Eleven store because of accessibility barriers. *Id.* at 1040. Based on those facts, the Ninth Circuit found it plausible that Plaintiff was genuinely deterred from returning to the 7-Eleven that he would otherwise visit but for the barriers. *Id.* at 1041.

Here, Plaintiff's allegations that she intends to return and/or is currently deterred from returning do not satisfy the requisite plausibility standard. Plaintiff's allegations amount to mere "naked assertions devoid of further factual enhancement." *See Iqbal*, 556 U.S. at 678. Plaintiff's conclusory statements that she is both currently deterred from visiting the location and intends to return are unsupported. Her bare contention that she visits other businesses in the area has little bearing on whether Plaintiff regularly visits or intends to return to Defendant's particular apartment complex, much less the rental office at the complex. Plaintiff does not allege that she is interested in renting an apartment at Defendant's complex, or even that she intends to move. She does not provide her actual reason for visiting the location, but instead includes vague boilerplate allegations. [*See* FAC ¶ 10 (stating Plaintiff went to the subject location "to utilize their goods and/or services").] Thus, Plaintiff has failed to demonstrate a sufficient likelihood of future harm in order to establish standing to sue for an injunction. For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's ADA claims without prejudice.

In Plaintiff's opposition, she requests the Court allow her to take limited discovery on the issue of standing. However, discovery is unwarranted at this stage because the deficiencies in Plaintiff's FAC do not relate to subject matter within Defendant's knowledge or control. The Court **DENIES** Plaintiff's request for limited discovery.

**B.     Plaintiff's FHA Claims**

Plaintiff's FHA allegations do not satisfy the pleading standard under Federal Rule of Civil Procedure 8. Rule 8 can serve as an independent basis for dismissal of claims. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1981). Rule 8(d) requires that plaintiffs file "simple, concise, and direct" pleadings. *Id*. Pleadings must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading lacking "simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180.

As the FAC is currently pleaded, the Court is unable to discern which portions of the FHA Plaintiff alleges Defendant violated because she cites the entire Act ("42 U.S.C. §§ 3600 et. seq") as the basis for her claims and the remaining allegations are drafted in an inadequate manner.  Plaintiff's allegations appear to arise at least in part out of some "notices, statements, and advertisements" Defendant made, but the origin and content of such statements are unclear.  If Plaintiff wishes to allege a violation of 42 U.S.C. §3604(c), which prohibits notices, statements, or advertisements regarding the sale or rental of dwellings that discriminate based on certain factors such as disability, or evidences an intent to discriminate, Plaintiff must at least give Defendant notice of what specific statements Plaintiff relies on.  *See Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1245 (E.D. Cal. 2009) (stating that to make out a claim for a violation of § 3604(c), a plaintiff must show a statement would suggest a discriminatory preference to an ordinary listener).  Based on the above deficiencies, Plaintiff has failed to give Defendant fair notice of her claims and their factual bases.  The Court **GRANTS** Defendant's motion to dismiss Plaintiff's FHA claims.  The Court dismisses Plaintiff's FHA claims without prejudice.

**C.     Plaintiff's Unruh Act Claims**

Once a court dismisses all federal claims with prejudice, the Court should typically decline to continue to exercise supplemental jurisdiction over any pending state law claims.  *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997).  Here, the Court dismisses all of Plaintiff's federal claims without prejudice and with leave to amend.  If Plaintiff chooses not to amend her federal claims, or fails to adequately do so, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  Accordingly, in the interest of judicial efficiency, the Court declines to address Plaintiff's state law claims at this stage in the proceedings.

//

//

**D.     Defendant's Requests for Judicial Notice**

Defendant requests the Court take judicial notice of several documents illustrating that Plaintiff has filed hundreds of lawsuits in California.  The Court need not take judicial notice of these documents in order to conclude that Plaintiff's ADA and FHA claims should be dismissed.  Accordingly, the Court **DENIES AS MOOT** Defendant's request for judicial notice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. [Doc. No. 7.]  The Court **GRANTS** Plaintiff's request for leave to amend the Complaint as to claims that are dismissed <u>without</u> prejudice.  Plaintiff may not add parties or new claims to the complaint without first seeking permission from the Court.  Plaintiff must file her Second Amended Complaint within **14 days** from the date this Order is filed.

**IT IS SO ORDERED.**

Dated:  June 7, 2016

Hon. Michael M. Anello
United States District Judge